**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**STACY JEROME HICKS**                                                 **PETITIONER**

**v.**                                                            **CAUSE NO. 2:14-cv-13-KS-MTP**

**HUBERT DAVIS**                                                       **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on the Petition of Stacy Jerome Hicks for Writ of

Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [12]

pursuant to 28 U.S.C. § 2244(d).  Having considered the Motion, the documents made a part of

the record, and the applicable law, the undersigned recommends that Respondent's Motion to

Dismiss [12] be granted and the Petition [1] be dismissed with prejudice.

**PROCEDURAL HISTORY**

On February 26, 2007, Petitioner was convicted of aggravated domestic violence in the

Circuit Court of Clarke County, Mississippi.  On March 30, 2007, Petitioner was sentenced as an

habitual offender to serve a term of life in the custody of the Mississippi Department of

Corrections. ([12-1].)  Petitioner appealed his conviction and sentence to the Mississippi

Supreme Court, which assigned the case to the Mississippi Court of Appeals.  On August 12,

2008, the court of appeals, in a written opinion, affirmed the trial court's judgment. *See Hicks v.*

*State*, 6 So. 3d 1099 (Miss. App. 2008).  On April 16, 2009, the Mississippi Supreme Court

denied Petitioner's petition for writ of certiorari.[1]  Based on a review of the record and a review

---

[1] *See* https://courts.ms.gov/appellate_courts/generaldocket.html (last visited December
19, 2014).

1

of the United States Supreme Court's automated docket system,[2] Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On June 9, 2010, Petitioner filed an application for leave to file a motion for post-conviction collateral relief in the Mississippi Supreme Court. ([12-3].)[3]  On September 9, 2010, the Supreme Court denied the application. ([12-4].)  On December 20, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus [1].[4]  Thereafter, Respondent filed his Motion to Dismiss [12], asserting that the Petition was not timely filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).  The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court.  Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits.  If the conviction does not become final by the conclusion of direct review, it becomes final by the

---

[2] *See* http://www.supremecourt.gov/docket/docket.aspx (last visited December 19, 2014).

[3] Petitioner signed the application on May 26, 2010.

[4] The Petition was signed on December 20, 2013, and stamped "filed" in this Court on January 31, 2014.  "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Weighing all doubts in Petitioner's favor, the Court will use the earlier date of December 20, 2013.

expiration of the time for seeking such review.  We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.  If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On April 16, 2009, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari.  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.  Accordingly, Petitioner's judgment became final–and the statute of limitations for habeas relief began to run–on July 15, 2009 (April 16, 2009, plus 90 days).  Petitioner was required to file his federal habeas petition by July 15, 2010, unless he was entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A).  Petitioner filed his petition on December 20, 2013, more than four years after his judgment became final.

**Statutory Tolling**

Whether statutory tolling occurred during the period between the judgment becoming final on July 15, 2009, and Petitioner filing his federal Petition on December 20, 2013, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.  As previously stated, Petitioner signed an application regarding post-conviction collateral relief on May 26, 2010, and filed it in state court on June 9, 2010. ([12-3].)  The application was denied on September 9, 2010. ([12-4].)  As a result, the limitation period was tolled, at most, for 106 days (May 26, 2010, to September 9, 2010).  Petitioner was required to file his federal habeas petition by October 29, 2010 (July 15, 2010,

3

plus 106 days), absent equitable tolling.[5]

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Although Petitioner does not refer to the doctrine of equitable tolling, he does briefly discuss the timing of his Petition and sets forth arguments that the Court will construe as an effort to invoke the doctrine. ([1] at 13-14.) Petitioner asserts that there has been a fundamental

---

[5] On September 6, 2013, Petitioner filed another application regarding post-conviction collateral relief in state court. ([12-5].) However, by the time Petitioner filed his second application, the time for filing a federal habeas petition had already expired. Thus, the second application did not toll the limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under Section 2244(d)(2) because it was not filed until after the limitation period expired).

miscarriage of justice.  "The miscarriage of justice exception 'applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Ross v. King*, 2013 WL6048156, at *3 (S.D. Miss. Nov. 15, 2013) (quoting *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013)).  Petitioner must produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S.Ct. at 1928.

A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence.  In fact, actual innocence claims "'come . . . before the habeas court with a strong–and in the vast majority of the cases conclusive–presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326 (1995)).  The issue for this Court is not whether reasonable doubt may have existed if new information were presented to the jury, "but rather that no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329. Petitioner presented no new evidence but simply argued that investigating officers failed to perform a thorough investigation and that the evidence is insufficient to sustain a guilty verdict. Petitioner's arguments fall far short of demonstrating actual innocence.

Petitioner also complains that he has not had counsel and that he is unable to understand the law.  However, Petitioner's *pro se* status and lack of legal training are of no avail to him.  "It is well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well versed in the law.  '[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling.'" *Bishop v. Quarterman*, 2007 WL 1567095, at *4 (S.D. Tex.

2007) (quoting *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)).  Petitioner has failed to demonstrate that he was prevented in some extraordinary way from asserting his rights and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling.  Accordingly, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court conviction became final on July 15, 2009.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period found in 28 U.S.C. § 2244(d)(2), Petitioner was required to file his federal petition by October 29, 2010.  Petitioner filed his petition on December 20, 2013, more than three years after the deadline.  Petitioner has failed to meet his burden of proving that additional statutory or equitable tolling is appropriate.  Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [12] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 6th day of January, 2015.

                               s/ Michael T. Parker
                               United States Magistrate Judge